IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. _15-cr-30177-SMY_ |
| ) | |
| SON CHONG FULTON, ) | |
| a/k/a SON CHONG KIM, ) | |
| a/k/a SON CHONG RATLIFF, ) | |
| a/k/a SON CHONG DONINI ) | |
| a/k/a ALIE SUNKON, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

It is hereby agreed between the United States of America, through United States Attorney Stephen R. Wigginton and Assistant United States Attorney Stephen B. Clark (collectively referred to as the "Government") and the Defendant, SON CHONG FULTON, (hereinafter "Defendant") with the advice and consent of Adam Fein, counsel for the Defendant, as follows:

### I. Plea, Penalties, and Elements

1.      Defendant will enter a plea of guilty to the Information. Defendant committed each of the acts that are the elements of the offense, and Defendant agrees that Defendant is guilty of the charge in the Information. Defendant understands that the statutory maximum penalties, and elements of the offense are as follows:

| Count | Charge & Statute | Statutory Penalties | Elements of the Offense |
|---|---|---|---|
| 1 | Structuring Financial Transactions; 31 U.S.C. § 5324(a) | 5 years' imprisonment or a $250,000 fine, or both; 3 years' supervised release; $100 Special Assessment | 1. Defendant had knowledge that financial institutions are required to report currency transactions in amounts greater than $10,000; and 2. Defendant structured or attempted to structure a currency transaction for the purpose of evading this reporting requirement; and 3. The transaction involved one or more domestic financial institutions. 7th Cir. P.J.A. 31 U.S.C. § 5324(a) Elements |

In relation to the Elements described above, Defendant understands that:

a. A financial institution must file a currency transaction report with the Internal Revenue Service every time a customer engages in a currency transaction of more than $10,000.00;

b. Commercial banks and banks that are insured by the Federal Deposit Insurance Corporation are financial institutions;

c. A currency transaction is the physical transfer of currency from one person or entity to another person or entity;

d. A person structures a currency transaction when he conducts one or more currency transactions at one or more financial institutions on one or more days, with the purpose of evading currency transaction reporting requirements. Structuring may include breaking down a single sum of currency over $10,000 into smaller sums, or conducting a series of cash transactions all at or below $10,000, with the purpose of evading currency transaction reporting requirements.

7th Cir. PJI for 31 U.S.C. § 5324(a)(3) ("Definitions").

2. Defendant understands that the Court must assess a "Special Assessment" of $100 per felony count. Defendant agrees to pay the special assessment on or before the date of

sentencing unless Defendant establishes an inability to pay on or before the date of sentencing through the financial disclosure to the U.S. Probation Office as part of the presentence investigation and report, in which case the Defendant agrees to pay it as soon as practicable.

3. Defendant understands that the Government will recommend the imposition of a fine which may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

4. Defendant is subject to an order of forfeiture.

5. Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts dated June 16, 2015 are, for imprisonment: $2,552.00 per month; for community confinement: $2,417.00 per month; and for supervision: $273.00 per month.

6. Defendant shall cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report. Said cooperation will include signing all releases, as requested. Defendant agrees that any Probation Officer may share any and all financial information with the United States Attorney's Office and Defendant waives any rights Defendant may have under the Right to Financial Privacy Act. Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney's Office, a Financial Statement (OMB-500).

## II. Advisory Sentencing Guideline Calculations and Recommendations

1. (a). The Government and Defendant submit that under the Sentencing Guidelines, after all factors have been considered, Defendant will have an **Offense Level of 15, a Criminal History Category of I, a sentencing range of 18-24 months, and a fine range of**

**$4,000 - $40,000.** The Government and Defendant agree that these calculations of Offense Level and Criminal History are not binding on the Court, and that the Court ultimately will determine the Guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. Defendant expressly recognizes that, regardless of the Guideline range found or the sentence imposed by the Court, Defendant will not be permitted to withdraw Defendant's plea of guilty.

(b). **The Government agrees to recommend a sentence of imprisonment at the low end of the Guideline range of imprisonment ultimately found by the Court, three years' supervised release, a $34,185 fine, and a $100 Special Assessment.**

(c). **Defendant agrees to cause to be sold at public auction,** prior to sentencing, the real estate commonly known as 244 South 88th Street, Centreville, Illinois, further identified as St. Clair County Assessor's Office Parcel Number 07-04.0-400-013. The auctioneer shall be Adam's Auctions. **Defendant agrees to pay the gross proceeds of such auction sale as part of the fine of $34,185.**

(d). **Defendant agrees to pay all fines, special assessment, and forfeiture amounts on the date of sentencing.**

(e). The Government and the Defendant reserve the right to address the sentencing factors set forth in 18 U.S.C. § 3553(a), but agree not to seek a sentence outside the applicable Guideline range. The Government specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the Defendant and the Government). Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence Defendant anywhere up to the

statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of the Defendant.

      2.      Defendant and the Government agree that the Base Offense Level in this case is 6 pursuant to U.S.S.G. § 2S1.3(a)(2), increased by 10 levels from the Table set forth in § 2B1.1(b)(1)(C) (the value of the structured funds exceeded $120,000) . The Defendant and the Government further agree that the specific offense characteristic of 2S1.3(b)(1) applies; thus, the Defendant's Base Offense Level should be increased 2 levels, creating an Offense Level of 18

      3.      Defendant and the Government agree that no victim-related adjustments apply to this offense. *See* U.S.S.G. § 3.A.

      4.      Defendant and the Government agree that Defendant's role in the offense was such that Defendant's offense level should be neither increased (under 3B1.1) nor decreased (under 3B1.2).

      5.      Defendant and the Government agree that Defendant has not obstructed justice in this case and therefore, pursuant to U.S.S.G. § 3C1.1, Defendant's base offense level should not be increased.

      6.      Defendant and the Government agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the Government will recommend a reduction of 3 Levels, reducing the Offense Level from 18 to Offense Level 15. *See* U.S.S.G. § 3E1.1. A reduction for acceptance of responsibility is dependent on Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying relevant conduct or committing any acts constituting obstruction of justice.

7. Defendant and the Government submit that it appears that Defendant has amassed no Criminal History points and that, therefore, the Sentencing Guideline Criminal History Category is I. The Defendant and the Government arrived at this Category based upon the following information:

| SENTENCE DATE | CRIME; COURT; CASE NUMBER | DISPOSITION | GUIDELINE | SCORE |
|---|---|---|---|---|
| 2/8/96 | Promotion of Prostitution (misdemeanor). Dallas County District Court | 1 year probation (deferred) and a $4000 fine) | 4A1.2(e) | 0 |
| **TOTAL POINTS: 0** | | | | |
| **CRIMINAL HISTORY CATEGORY: I** | | | | |

## III.

### Agreement to Forfeit Assets

1. Pursuant to 31 U.S.C. Section 5317, Defendant shall forfeit to the United States the sum of $191,800, which represents the amount of the structured transactions charged in the Information, in violation of 31 U.S.C. Section 5321(a)(3), and which amount constitutes proceeds of violations of Section 5321(a)(3). The original proceeds of the offense are no longer available. The assets to be forfeited include, but are not limited to cash, stocks, bonds, certificates of deposit, personal property, and real estate. The assets to be forfeited specifically include the following substitute assets:

(i) Funds in the amount of $53,013 previously seized from Defendant by the United States Customs and Border Patrol in the following amounts, currently held

by the Customs and Border Patrol, identified by the following Customs and Border Patrol numbers:

FP&F # 2013450300011601:  $32,993.00

FP & F #: 2013450300011901: $20,020.00

(ii) Funds (other than attorneys' fees) held in escrow for Defendant by the law firm of Rosenblum, Schwartz, Rogers & Glass, P.C.

2. <u>Assistance in the Recovery of Assets.</u>

The Defendant further agrees to fully assist the Government in the recovery and return to the United States of any assets that the Defendant derived either directly or indirectly from the transactions alleged in the Information.

The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those that are held or controlled by a nominee.

The Defendant agrees to forfeit all interests in the properties describe above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to the surrender of title, the signing of a consent decree of forfeiture, the signing of any other documents necessary to effectuate such transfers, and the execution of withdrawals of any claims or defenses which may have previously been asserted against the forfeiture of any of the property. The Defendant further authorizes her attorney to execute on the Defendant's behalf any documents requested by the Government to effectuate the forfeiture.

The Defendant agrees to consent to any civil or administrative forfeiture brought against the properties described above, pursuant to 21 U.S.C. Section 881. The Defendant waives service of process or notice in any such civil proceeding, and agrees that an order for forfeiture

may be entered in said civil proceeding, and agrees that an order of forfeiture may be entered in said civil proceeding without further notice or hearing.

Defendant will take all steps necessary to locate property and to pass title to the United States before the Defendant's sentencing.

Defendant agrees that forfeiture of Defendant's assets shall not be treated as satisfaction of any fine, restitution, costs of imprisonment, or any other penalty this Court may impose upon Defendant in addition to forfeiture.

3. <u>Forfeiture of Other Assets</u>

Defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the Defendant identified for forfeiture cannot be located upon the exercise of due diligence, or has been transferred or sold to or deposited with a third party, or has been placed beyond the jurisdiction of the Court, or has has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the Defendant, up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause.

The Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the Defendant's sentence. Forfeiture of Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon Defendant in addition to forfeiture.

    4.    <u>Waiver of Rights</u>

The Defendant further specifically waives the following constitutional or legal rights that he may otherwise have had:

    (a) Any right to assert that the forfeitures violate the 8th Amendment of the Constitution or otherwise constitute an excessive fine or forfeiture or cruel and unusual punishment.

    (b) Any right to assert that the imposition of the forfeitures constitutes jeopardy with respect to the constitutional prohibition against double jeopardy; and the Defendant specifically agrees that the imposition of any fine, restitution, imprisonment, costs of imprisonment, or penalty (either jurisdictional or administrative) shall not be barred by the imposition of the forfeitures, nor shall the imposition of the forfeitures be barred by any such fine, restitution imprisonment, costs of imprisonment, or penalty (either jurisdictional or administrative).

    (c) Any requirement that the forfeitures must be commenced or completed at or by any particular time, including but not limited to any time or date imposed by a statute of limitations, any other statute, the doctrine of laches, or any administrative rule or regulation. The Defendant further agrees that the Curt may immediately enter a preliminary order of forfeiture in this criminal proceeding consistent with this Plea Agreement, and that it is not necessary to wait for the formal sentencing of the Defendant for the entry of said order.

## IV. Limitation of Plea Agreement & Breach of the Agreement

    1.    Defendant agrees that all agreements between the parties are written and that no oral promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts. Defendant agrees that this Plea Agreement and the Stipulation and any addenda attached hereto embody the entire agreement between the Government and Defendant and supersedes any other agreement, oral or written.

    2.    Defendant understands and acknowledges that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. Defendant further understands and acknowledges that the Plea Agreement does not

prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

    3.    Defendant acknowledges, understands and agrees that if Defendant:

- commits any offense in violation of federal, state, or local law;
- violates any condition of release;
- violates the terms of this Agreement or the attached Addenda, if any;
- fails to perform any of Defendant's obligations under this Agreement or the attached Addenda, if any;
- moves to withdraw the guilty plea;
- contests or assists another in contesting the forfeiture of money, property or assets which the Defendant has agreed to forfeit;
- conceals, transfers, encumbers or otherwise makes unavailable any assets or assists any person therewith, which would otherwise be available to the Government through exercise of legal processes to satisfy any financial obligation imposed by the Court including, but not limited to the forfeiture judgment, money judgment or restitution judgment or committing any acts constitution obstruction of justice;
- files an appeal or institutes a post-conviction proceeding not authorized in the section entitled "Defendant's Waiver of Rights, Consequences of Plea of Guilty, and Appeal Waiver"

such violation or action by Defendant may constitute a material breach of this Agreement. In the event of Defendant's material breach of this Plea Agreement, Defendant will not be able to enforce any of its provisions, and the Government will be relieved of all of its obligations under this Plea Agreement. For example, the Government will be free to pursue any charges including those that may have been dismissed, promised to be dismissed, or not filed as a result of this Plea Agreement. Defendant agrees that any statute of limitations relating to such charges is tolled as of the date Defendant signs this Plea Agreement. Defendant also waives any double jeopardy defense or speedy trial challenges to such charges, in the event that charges are brought following a breach of this Plea Agreement by Defendant. The Government may move to set aside Defendant's guilty plea. Additionally, Defendant agrees that in the event of Defendant's material breach of this Plea Agreement or if Defendant is permitted to withdraw Defendant's

guilty plea, any and all statements made by Defendant, whether under oath or not, at the change of plea hearing and any evidence derived from such statements are admissible against Defendant in any prosecution of or action against Defendant. Defendant knowingly and voluntarily waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

### V. Defendant's Waiver of Rights, Consequences of Plea of Guilty, and Appeal Waiver

1. Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

2. By pleading guilty, Defendant fully understands that Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine

adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

3. Defendant understands that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised the right to trial.

4. Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack.  However, in exchange for the recommendations and concessions made by the Government in this Plea Agreement, **<u>Defendant knowingly and voluntarily waives the right to contest any aspect of the conviction and sentence</u>**, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment.  Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government. Defendant acknowledges that such an appeal may be considered a material breach of this Plea Agreement and the Government reserves the right to take any action it deems appropriate to have a court declare that Defendant has materially breached this Plea Agreement.

5. Defendant's waiver of the right to appeal or bring collateral challenges shall not apply to:  1) claims of ineffective assistance of counsel; 2) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of

Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders Defendant actually innocent of the charges covered herein; and 3) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

      6.      Defendant's waiver of appeal and collateral review rights shall not affect the Government's right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

      7.      Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

      8.      Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## VI. Collateral Consequences of Conviction

      1.      Defendant understands that Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), Defendant will be forbidden by

federal firearms laws from possessing any type of firearm in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

    2.    If convicted in this case, and Defendant, who is not a United States citizen, may be removed from the United States, denied citizenship, and denied admission to the United States in the future. *Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including Defendant's attorney or the district court, can predict to a certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that the plea may entail, even if the consequence is Defendant's automatic removal from the United States.*

## VI. Defendant's Acknowledgements

Defendant is fully satisfied with the representation received from defense counsel. Defendant acknowledges that the Government has provided complete discovery compliance in this case. Defendant has reviewed the Government's evidence and has discussed the Government's case, possible defenses and defense witnesses with defense counsel. Defendant's attorney has completely and satisfactorily explored all areas which Defendant has requested relative to the Government's case and possible defenses. Defendant acknowledges that Defendant has had adequate opportunity to discuss the potential consequences of Defendant's plea with defense counsel. Defendant has had all of Defendant's questions answered by defense counsel. Defendant agrees that this Plea Agreement is not the result of any threats, duress or coercion. Defendant enters this guilty plea freely, voluntarily and knowingly because Defendant is guilty.

14

## VIII.

No matters are in dispute.

                                      STEPHEN R. WIGGINTON
                                      United States Attorney

                                      STEPHEN B. CLARK
                                      Assistant United States Attorney

By signing this Plea Agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in a language that Defendant understands) and that Defendant has discussed the terms of this Plea Agreement with defense counsel and fully understands its meaning and effect.

_____        Date: __12/11/15_____
SON CHONG FULTON  Defendant

I have thoroughly read, reviewed and explained this Plea Agreement and its addenda, if any, to my client who understands and accepts its terms. I have advised Defendant of all matters within the scope of Fed.R.Crim.P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with Defendant. No assurances, promises, or representations have been given to me or to Defendant by the United States or any of its representatives that are not contained in this written agreement

or the attached addenda, if any. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client.

_____          Date: _____12/11/15_____
ADAM FEIN
Attorney for Defendant